## No. 11,943.

FORT *v.* ROBERTS, ET AL.

Decided November 28, 1927.

Action on promissory notes.  Judgment for plaintiffs.

*Affirmed.*

*On Application for Supersedeas.*

1.  BILLS AND NOTES—*Failure of Consideration.*  Where defendant · executed notes in payment of his share of the expense of building a drain ditch, the ditch being built and serving its purpose, he could not avoid payment of his notes because the ditch was not placed on a certain section line as provided in the agreement, under the contention that this constituted a failure of consideration.

*Error to the District Court of Rio Grande County, Hon. J. C. Wiley, Judge.*

Mr. JAMES P. VEERKAMP, for plaintiff in error.

Mr. GEORGE M. CORLETT, Mr. D. E. NEWCOMB, for defendants in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

ROBERTS, Irons and Pike, trustees, had judgment against Fort, plaintiff in error, on promissory notes, and he brings error and asks for supersedeas.  The defense was failure of consideration.

Fourteen farmers entered into a written agreement to build a drainage ditch.  Each was to give his note for three hundred and fifty dollars for each quarter section of his, to be drained, and plaintiffs below were appointed

trustees and attorneys in fact to carry out the project. They built the ditch and it serves its purposes, but defendant refused to pay his two notes given pursuant to the contract, because, he says, the ditch was not placed on a certain section line as provided by the agreement, but south thereof and entirely across defendant's lands, to his damage. He filed a counterclaim on this point but abandoned it.

If this was a failure of consideration it was a partial failure only; but, by the negotiable instrument act, partial failure is a defense pro tanto. C. L. § 3845. In order, however, to hold this to be even a partial failure we must say that the exact position of the ditch was a part of the consideration. We do not think that such is the case. To build a ditch requires a grade the necessities of which will determine the location and neither can be exactly determined without survey nor beforehand except approximately. It must have been contemplated, then, by the parties to the agreement, that any necessary deviation from the location stated therein should be made by the trustees. The evidence is that the change was made necessary by the discovery of a road along the section line in question and that the deviation was as little as possible. Good drainage resulted. We can see no failure of consideration here. As to whether plaintiff in error has any right to damages we express no opinion.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.